UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN RAMON GUZMAN-CAMACHO
    Plaintiff

      v.

                                                                  **Civil No. 04-1496(SEC)**

STATE INSURANCE FUND CORP., et al.
    Defendants

**O R D E R**

| MOTION | RULING |
|---|---|
| **Docket # 69**<br>**Plaintiff's Motion to Strike Defendants Reply** | **DENIED**. Plaintiff has filed a motion under Rule 37(c) requesting that the Court strike certain exhibits filed by Defendants in support of their reply to Plaintiff's opposition to their request for summary judgment on Plaintiff's medical malpractice claims (Docket # 69). Plaintiff claims that Defendants failed to produce these exhibits during discovery and that the Court should sanction Defendants accordingly. Defendants have filed an opposition (Docket # 72). Plaintiff's request is **DENIED**.<br><br>    In his opposition to Defendants' request for summary judgment, Plaintiff suggests that the Hospital intentionally or negligently withheld Mr. Ramón Guzmán-Torres's entire medical file for period of over a year and half notwithstanding Ms. Socorro Camacho-Santana's constant requests for the same. Plaintiff then attributes his delay in the filing the instant action to the Hospital. Plaintiff even provided a statement under penalty of perjury by Ms. Camacho-Santana stating that on March or April 2002 she requested an expedited **complete** copy of her husband's medical records and it was not until October 20, 2003 that the Hospital finally complied. See Docket # 67, Ex. 4. Defendants replied attaching copies of two (2) requests made and signed by Ms. Camacho-Santana on July 9, 2002 and October 6, 2003 in which she requested specific portions Ms. Guzmán-Torres' medical files as opposed to his entire medical file. See Docket # 64, Ex. A. Clearly, Plaintiff's inexact assertions required that Defendants reply and brief the Court accordingly. It was then Plaintiff's own allegations and inexact statement under penalty of perjury which prompted the filing of these documents. It follows that the Court cannot now turn a blind eye to such important pieces of evidence which go to the heart of whether the Hospital partook in any intentional or negligent concealment of documents which may have caused Plaintiff to ignore the existence of his claim past the year of the statute of limitations. We agree with Defendants that these documents did not become necessary until Plaintiff's assertions prompted an investigation on their part. Accordingly, we will not strike these exhibits and will consider them in the adjudication of Defendants' motion for summary judgment. Plaintiff's motion to strike is **DENIED**. |

2

| MOTION | RULING |
|---|---|
| **Docket # 79 Motion to Strike "Response" to Surreply** | **DENIED**. Plaintiff has filed a second motion seeking that the Court strike Defendants' "Response to Surreply to Reply to Opposition to Motion for Summary Judgment" in Docket # 76 (Docket # 79). Defendants have not opposed said request. However, Plaintiff's request is **DENIED**. Defendants' sought and were granted leave prior to filing the foregoing motion. See Dockets ## 73 & 75. Furthermore, even though Local Rule 7.1 does not provide for the filing of a response to a sur-reply, the Court is at liberty to allow any filing that may be used in the adjudication of a claim. Note that the Local Rules do not provide for the filing of a sur-reply, however, having sought leave, the Court allowed Plaintiff to do so. |
| **Docket # 91 Motion to Submit Exhibits to Request for Summary Judgment**  **Docket # 100 Motion to Submit Certified Translation of Exhibit** | **NOTED**. |
| **Docket # 99 Motion Submitting Exhibit 1** | **NOTED**. |

DATE:   February 22, 2006.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge